IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. |
| v. | § § | |
| | § | COMPLAINT |
| MANAGEMENT SOLUTIONS, INC., | § § | **JURY TRIAL DEMAND** |
| Defendant. | § | |

SA09CA0655 XR

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to David Ferguson who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that the Defendant, Management Solutions, Inc. ("MSI"), a property management company that managed an apartment complex known as the De Zavala Oaks Apartments located in San Antonio, Texas, subjected David Ferguson to a retaliatory demotion and/or constructively discharged him, in violation of §704(a) of Title VII, because he engaged in statutorily protected activity when he exercised his hiring authority as the Property Manager at the De Zavala Oaks Apartments and hired a Black applicant as a Leasing Agent.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, MSI, has continuously been a Texas corporation doing business in the State of Texas and the City of San Antonio, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, MSI, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, David Ferguson filed a charge with the Commission alleging violations of Title VII by Defendant, MSI. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about August 7, 2007, Defendant, MSI, engaged in unlawful employment practices at the De Zavala Oaks Apartments located in San Antonio, Texas facility, by:

(a) Demoting David Ferguson from Property Manager to Leasing Agent, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), because he demonstrated his opposition to what he reasonably believed to be unlawful discrimination by hiring a Black applicant who was qualified for the job of Leasing Agent; and

(b)     Constructively discharging David Ferguson, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), because he exercised his hiring authority as Property Manager to hire a Black applicant as a Leasing Agent.

8.      The effect of the practices complained of in paragraph seven (7) above has been to deprive David Ferguson of equal employment opportunities and to otherwise adversely affect his status as an employee because of retaliation.

9.      The unlawful employment practices complained of in paragraph seven (7) above were intentional.

10.     The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to the federally protected rights of David Ferguson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, MSI, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or from any employment practice which discriminates on the basis of retaliation or which facilitates, condones, or encourages retaliation;

B.      Order Defendant, MSI, to institute and carry out policies, practices, and programs which provide equal employment opportunities to individuals who participate in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant, MSI, to make whole David Ferguson, by providing appropriate backpay with prejudgment interest, in an amount to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, the reinstatement of David Ferguson, or front pay in lieu thereof;

D.  Order Defendant, MSI, to make whole David Ferguson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven (7) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in an amount to be determined at trial;

E.  Order Defendant, MSI, to make whole David Ferguson by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph seven (7) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in an amount to determined at trial;

F.  Order Defendant, MSI, to pay David Ferguson punitive damages for engaging in discriminatory practices with malicious or reckless indifference to David Ferguson's federally protected rights, as described in paragraph seven (7), above, in an amount to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


_____
ROBERT A. CANINO   *by permission*
Regional Attorney
Oklahoma State Bar No. 011782


_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov


_____
EDWARD JUAREZ   *by perm*
Senior Trial Attorney
Texas Bar No. 2401449
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**