IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

MAY 0 7 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § | |
| and | § § | |
| DAVID FERGUSON, | § § | |
| Plaintiff-Intervenor, | § § | |
| v. | § § | Civil Action No. SA09CA0655XR (consolidated with SA08CA0786XR) |
| MANAGEMENT SOLUTIONS, INC., | § § | |
| Defendant. | § | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenors, David Ferguson and Tenille R. Gaines ("Plaintiff-Intervenors") and Defendant, Management Solutions, Inc., a property management company that managed an apartment complex known as the DeZavala Oaks Apartments located in San Antonio, Texas ("Management Solutions"). This Consent Decree resolves the allegations raised by the EEOC and Plaintiff-Intervenors in the above-referenced Civil Actions Nos. SA09CA0655XR and SA08CA0786XR.

The EEOC initiated these lawsuits under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of race, Black, and retaliation, and to provide appropriate relief to Tenille R. Gaines and David Ferguson, who were adversely affected by such practices. More specifically, the EEOC alleges that Defendant, Management Solutions, engaged in

discriminatory employment practices, in violation of Title VII, when it discharged Tenille R. Gaines from her employment, because of her race, Black. Tenille R. Gaines intervened in the EEOC's lawsuit and asserted the same causes of action as alleged by the EEOC. Also, the EEOC alleges that Defendant, Management Solutions, subjected David Ferguson to a retaliatory demotion and/or constructively discharged him, in violation of §704(a) of Title VII, because he engaged in statutorily protected activity when he exercised his hiring authority as the Property Manager at the DeZavala Oaks Apartments and hired a Black applicant as a Leasing Agent. David Ferguson intervened in the EEOC's lawsuit and asserted the same causes of action as alleged by the EEOC.

Defendant, Management Solutions, specifically asserts that by entering into this Consent Decree, it makes no admission of liability or wrongdoing, and further contends that its owners, management staff, and personnel did not discriminate in the decisions to terminate Ms. Gaines and to demote Mr. Ferguson.

The EEOC, Plaintiff-Intervenors and Defendant, Management Solutions, wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.    This Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC and Plaintiff-Intervenors against Defendant, Management Solutions, venue is proper, and all administrative prerequisites to the EEOC's filing have been met.

2.    This Consent Decree resolves all issues raised in EEOC's Complaints and the Complaints-in-Intervention in this case. The EEOC and Plaintiff-Intervenors waive further

litigation of all claims raised in the above-referenced Complaints. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Defendant, Management Solutions.

3.      Defendant, Management Solutions, is enjoined from retaliating in any manner whatsoever against any employee for opposing any employment practice made unlawful by Title VII, or for complaining of unlawful discrimination, filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII. Specifically, Defendant, Management Solutions, is enjoined from demoting, discharging or retaliating in any other way against its employees with hiring authority who hire Black employees.

4.      Defendant, Management Solutions, is enjoined from engaging in conduct which results in termination because of race or any other act or practice which has the purpose or effect of unlawfully discriminating against any employee on the basis of race.

5.      Within ninety (90) days from the entry of this Decree, Defendant, Management Solutions, shall create or modify and implement a written anti-discrimination policy which meets the following criteria:

(a)     Contains a provision stating that Defendant, Management Solutions, prohibits discrimination against employees on the basis of race and/or retaliation in violation of Title VII;

(b)     Prohibits any act, policy or practice that has the effect of discriminating against any employee and/or applicant for employment on the basis of race and/or retaliation in violation of Title VII;

(c)     Provides that discrimination complaints can be made in writing;

(d)     Provides for prompt investigation of discrimination complaints and prompt remedial action;

(e)     Provides for prompt written communication to the complaining employee upon the conclusion of its investigation the results of the investigation and the remedial actions taken or proposed, if any; and

(f)     Provides for substantial and progressive discipline of employees for violating this anti-discrimination policy, up to and including discharge.

6.      Within thirty (30) days of the Court's entry of this Consent Decree, Defendant,

3

Management Solutions, shall, in settlement of this dispute, pay a total sum of Ninety Thousand Dollars ($90,000). Payment of the Ninety Thousand Dollars ($90,000) shall be by certified check and will be made payable to Pierce Couch Hendrickson Baysinger & Green Trust Account. However, at the sole option of Defendant, Management Solutions, in lieu of the lump sum payment of Ninety Thousand Dollars ($90,000), Defendant may alternatively elect to pay the total sum of One Hundred Thousand Dollars ($100,000) to be paid in six (6) equal installments over six (6) months, with the first payment due thirty (30) days from the entry of the Consent Decree, and with each successive payment to paid at thirty (30) days intervals thereafter. Payments shall be by certified checks and will be made payable to Pierce Couch Hendrickson Baysinger & Green Trust Account.

If Defendant, Management Solutions, elects to pay the sum of One Hundred Thousand Dollars ($100,000) over six (6) months and fails to timely tender any payment as it comes due, it shall pay interest at the maximum rate allowed by law for any untimely or unpaid amounts and bear any additional costs incurred by the EEOC or Plaintiff-Intervenors caused by the non-compliance or delay of Defendant, Management Solutions.

A copy of all the settlement checks and any accompanying transmittal documents shall be forwarded to Judith G. Taylor, Supervisory Trial Attorney, San Antonio Field Office, United States Equal Employment Opportunity Commission, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

7.     Within ninety (90) days of the entry of this Consent Decree, Defendant, Management Solutions, shall provide no less than six (6) hours of Equal Employment Opportunity training for its managers, supervisors and employees. This training shall cover what constitutes unlawful employment practices under Title VII of the Civil Rights Act of 1964,

including but not limited to Title VII's prohibitions against discrimination on the bases of retaliation and race. The individual(s) selected to conduct this training shall be an attorney or an independent experienced training person or group (with at least five years' experience in labor and employment law), and the EEOC shall have the right to approve the training and the instructor(s).  Within twenty (20) days after the training has been completed, Defendant, Management Solutions, shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date.

8.     Defendant, Management Solutions, agrees to post a notice, for three (3) years, of its intent to comply with Title VII. This notice is set forth in Exhibit "A," which is attached to this Consent Decree. Defendant, Management Solutions, agrees to post a copy of Exhibit "A" in a conspicuous place at the DeZavala Oaks Apartments in San Antonio, Texas, within ten (10) days after this Consent Decree is entered by the Court. Defendant, Management Solutions, shall ensure that the posting is not altered, defaced or covered by any other material.

9.     The EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may:

(a)    Conduct inspections at all apartment complexes located in San Antonio, Texas for which Defendant, Management Solutions, Inc. manages the apartment units (any such inspections will be at the EEOC's expense);
(b)    Interview employees; and
(c)    Examine and copy relevant documents.

10.    Each party shall bear its own costs associated with administering, implementing and/or enforcing the provisions of this Consent Decree except as provided in paragraph six (6) of this Consent Decree.

11.    The terms of this Consent Decree shall be binding upon the EEOC, Plaintiff-Intervenors and Defendant, Management Solutions, its agents, officers, employees, servants,

successors, and assigns, as to the issues resolved herein.

12.     The duration of this Consent Decree shall be three (3) years from the date of its filing with the Court.   The Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

13.     The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of entry of this Consent Decree by the Court.

14.     When this Consent Decree requires the submission by Defendant, Management Solutions, of documents or other materials to EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

**SO ORDERED AND ENTERED** this ___7th___ day of _____MAY_____, 2010.

_____
HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

6

AGREED TO AS TO FORM AND SUBSTANCE:

Signed this 6th day of May, 2010.

**ATTORNEYS FOR DEFENDANT**

/s/ A. Scott Campbell w/permission
by Edward Juarez
_____

A. SCOTT CAMPBELL
Attorney at Law
State Bar No. 03692650


MESSER CAMPBELL & BRADY LLP
6351 Preston Road, Suite 350
Frisco, Texas 75034
Telephone: (972) 424-7200
Facsimile: (972) 424-7244

**ATTORNEYS FOR PLAINTIFF**

/s/ Robert A. Canino w/permission
by Edward Juarez
_____

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Judith G. Taylor
_____

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov


/s/ Edward Juarez
_____

EDWARD JUAREZ
Senior Trial Attorney
State Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669


**ATTORNEYS FOR PLAINTIFF-INTERVENORS**

/s/ Elizabeth R. Sharrock w/permission
by Edward Juarez

ELIZABETH R. SHARROCK
Oklahoma Bar No. 16934

LARRY G. CASSIL, JR.
State Bar No. 03979600

PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, LLP
1109 North Francis
Oklahoma City, OK 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904

8

## EXHIBIT A

## NOTICE AS REQUIRED UNDER TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964

1.     This NOTICE to the employees of Management Solutions, Inc., a property management company that manages an apartment complex known as the DeZavala Oaks Apartments located at 6033 DeZavala Road, San Antonio, Texas 78249 is being posted as part of a Consent Decree entered into between Management Solutions, Inc. and the U.S. Equal Employment Opportunity Commission.

2.     Federal law requires that there be no discrimination against any employee or applicant for employment because of that person's race, color, religion, sex, or national origin with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. Management Solutions, Inc., in particular, will not tolerate race-based discrimination, or retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, including racial discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

3.     Management Solutions, Inc. strongly supports and will comply with such Federal law in all aspects and it will not take any action against employees because they have exercised their rights under the law by filing charges with the U.S. Equal Employment Opportunity Commission. Retaliation is the punishment of an employee for engaging in a protected activity, such as filing a discrimination charge, opposing unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII.  Some examples of retaliation are:

* Suspension;
* Reduction of pay;
* Discharge;
* Reassignment of job duties;
* Reduction of work hours; and/or
* Reassignment to a different work shift.

This list is in no means exhaustive. There are other forms of retaliation.

Racial discrimination occurs when an employment decision is made based on a person's race rather than on legitimate factors.

Some examples of race discrimination are:

* Refusing to hire a particular race;
* Segregating persons into job groups, units or departments by race;

- Treating an applicant differently because they are married to someone of a different race;
- Paying employees of different races differently for performing the same work;
- Treating employees of one race better than employees of another race;
- Giving members of one race a better job assignment than members of another race;
- Using racial slurs and name-calling in the workplace;
- Physically mistreating someone because of their race; and/or
- Allowing racial graffiti to exist on the premises.

This list is in no means exhaustive. There are other forms of race discrimination.

4.   If you believe you are being discriminated against in any term, condition or privilege of your employment because of your race, religion, color, national origin, sex, or that you are being retaliated against for having engaged in Title VII-protected activity, you are encouraged to seek assistance or to report the alleged act as soon as possible to your immediate supervisor or any supervisor or manager with Management Solutions, Inc., or to its Human Resources Department. The Human Resources Department may be contacted at _____ or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination and/or retaliation must immediately notify the Human Resource Department.

In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; 1 (866) 408-8075, 1 (800) 669-4000 OR 1 (210) 281-7610 (TTY). Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

5.   No retaliatory action may be taken against you for seeking assistance, filing a charge, or communicating with the U.S. Equal Employment Opportunity Commission.

6.   EEOC enforces Title VII of The Civil Rights Act of 1964, which prohibits employment discrimination based on race, color, religion, sex or national origin; the Age Discrimination in Employment Act; the Equal Pay Act; sections of the Civil Rights Act of 1991; and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE.  THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE-YEARS, COMMENCING ON _____, 2010.